NELSON A. SIMS (TREASURER), ETC., V. KATHERINA E. BEST ET AL.

1. BONDS DEPOSITED BY FOREIGN CORPORATION WITH STATE TREASURER TAXABLE, WHERE.

The treasurer of state is not a trustee or owner of the bonds and securities deposited with him by a foreign investment company under Sec. 3821r Rev. Stat. as a condition precedent to doing business in this state, although they may be applied to the payment of corporate debts at the instance of creditors. Hence, as the bonds and securities so deposited remain the property of the corporation they must be listed for taxation by it under Sec. 2735 Rev. Stat. in the county within the state where it has its main office and principal place of business.

2. Ouster of Foreign Corporation Does not Change Situs of Bonds for Purposes of Taxation.

A judgment of ouster against a foreign investment corporation from its right to do business in the state, does not affect the *situs* of the bonds deposited with and remaining in the custody of the treasurer of state, and their place of taxation remains the same as before the ouster.

On the second Monday in April, 1899, the defendant was the owner of $40,000 in municipal bonds, and in April, 1900, of $60,000, and in April, 1901, of $80,000 in municipal bonds. The bonds named were on deposit with the treasurer of the state of Ohio on the dates mentioned, where they have remained down to the present time, the $40,000 and the $60,000 having been deposited by the company under the provisions of the act of April 25, 1898 (93 O. L. 401), and the $80,000 having been deposited under the act of April 14, 1900 (94 O. L. 150). On the second Monday in April, 1901, the defendant company had passed into the hands of receivers, a judgment of ouster having been pronounced against it by the Supreme Court, and there was in the possession of the receivers on that day $23,600 in bonds. None of the bonds in the hands of the state treasurer were returned for taxation by any one at any time or place. The defendant company was a corporation organized under the laws of the state of West Virginia, for the sole purpose of doing business in Ohio. Its articles of incorporation named Cincinnati, Hamilton county, Ohio, as its principal place of business. Its directors and executive officers, and probably all of its stockholders, were residents of Cincinnati, its home office was there, its stockholders' meetings were held there, all of its business was conducted there, and its property arose out of the business thus conducted.

A. B. Benedict, for treasurer of Hamilton county:

The bonds are taxable in Ohio. Hubbard v. Brush, 61 Ohio St. 252 [55 N. E. Rep. 829].

The place where personal property shall be listed is purely a matter of the construction to be given to Sec. 2735 Rev. Stat. Pelton v. Transportation Co. 37 Ohio St. 450; British Commercial Life Ins. Co. v. Commissioners of Taxation & Assessment, 31 N. Y. 32; British Commercial Life Ins. Co. v. Commissioners of Taxes, 28 How. Pr. (N. Y.) 41, 43; Pomeroy Salt Co. v. Davis, 21 Ohio St. 555; Worthington v. Sabastian, 25 Ohio St. 1; Sommers v. Boyd, 48 Ohio St. 648 [29 N. E. Rep. 497]; McNeill v. Hagerty, 51 Ohio St. 255, 266 [37 N. E. Rep. 526; 23 L. R. A. 628]: Bispham, Trusts Sec. 20 and Sec. 40; State v. Haight, 35 N. J. Law 279.

The state treasurer does not hold as a trustee, but as a depositary or

pledgee. But it is the pledger of stock who is taxable: Ratterman v. Ingalls, 48 Ohio St. 468 [28 N. E. Rep. 168]; so also the mortgagor: Corrigan v. Kimberly, 1 O. S. C. D. 532 (36 Bull. 331), affirmed by the Supreme Court without report. The *situs* of intangible property is not at the corporate residence. Augusta Bank v. Earle, 38 U. S. (13 Pet.) 519. A corporation excluded from Ohio may have property in Ohio. State v. Pohlmeyer, 59 Ohio St. 491 [52 N. E. Rep. 1027]; and the fact that the property was acquired illegally does not affect the question of its taxability. Salt Lake City v. Hollister, 118 U. S. 256 [6 Sup. Ct. Rep. 1055]; Stevenson v. Hunter, 5 Dec. 27 (2 N. P. 300). Nor are debts deductible from bonds or stocks. Payne v. Watterson, 37 Ohio St. 121.

**Dyer, Williams & Stouffer,** for treasurer of Franklin county:

The residence of a corporation is within the state by whose authority it was created. Hubbard v. Brush, 61 Ohio St. 252, 263 [55 N. E. Rep. 829]; Baltimore & O. Ry. v. Cary, 28 Ohio St. 208; Covington & C. Bridge Co. v. Mayer, 31 Ohio St. 317; 25 Am. & Eng. Enc. Law (1 ed.) 146. But in the eye of the law personal property has no locality, but is taxed where it is found. St. Louis v. Ferry Co. 78 U. S. (11 Wall.) 423; Catlin v. Hull, 21 Vt. 152; Cleveland, P. & A. Ry. Co. v. Pennsylvania, 82 U. S. (15 Wall.) 300; Walker v. Jack, 10 O. F. D. 359 [40 Bull. 237; 88 Fed. Rep. 576; 31 C. C. A. 462; 60 U. S. App. 124]; Western Assurance Co. v. Halliday, 45 W. L. B. 437; Waples, Debtor & Creditor Sec. 97; Burroughs, Taxation Sec. 45; Judson, Taxation Sec. 394; New Orleans v. Stempel, 175 U. S. 309 [20 Sup. Ct. Rep. 110]; Buck v. Miller, 147 Ind. 586 [45 N. E. Rep. 647; 47 N. E. Rep. 8; 37 L. R. A. 384].

The state treasurer in receiving such deposits acts as trustee. State v. Matthews, 64 Ohio St. 419 [60 N. E. Rep. 605]; Falkenbach v. Patterson, 43 Ohio St. 359 [1 N. E. Rep. 757]; State v. Investment Co. 64 Ohio St. 283 [60 N. E. Rep. 220]; Relfe v. Rundel, 103 U. S. 222; State v. Irons, 5 Vroom 464, quoted with approval in State v. Grover, Collector, 37 N. J. L. 174; Detroit v. Lewis, 109 Mich. 155 [66 N. W. Rep. 958; 32 L. R. A. 439]; Latrobe v. Baltimore, 19 Md. 13; Beech, Trusts & Trustees Sec. 415; Perry, Trusts Sec. 331; Grant v. Jones, 39 Ohio St. 506; Sommers v. Boyd, 48 Ohio St. 648 [29 N. E. Rep. 497]; Brown v. Noble, 42 Ohio St. 405; People v. Insurance Co. 29 Cal. 533; Finley v. Philadelphia, 32 Pa. St. 381; People v. Commissioner of Taxes, 23 N. Y. 232; Maltby v. Railway, 55 Pa. St. 140; French v. Bobe, 64 Ohio St. 323 [60 N. E. Rep. 292].

J. E. **Todd** and **Wade Cushing**, for state treasurer.

**SWING, J.**

This case is in this court on error to the judgment of the court of common pleas of Hamilton county.

The Interstate Savings Investment Company was a corporation organized under the laws of the state of West Virginia. Its main office and principal place of business was, in fact and by the terms of its incorporation, to be in Cincinnati, Ohio. Under the acts of the legislature of Ohio, passed April 25, 1898, 93 O. L. 401, and April 14, 1900, 94 O. L. 150, this corporation was required to deposit with the treasurer of Ohio certain bonds. These provisions were complied with by the company, and the question now for our consideration is, where these bonds should pay taxes.

It is admitted that under the decision of our Supreme Court these bonds are taxable in Ohio. It is claimed that these bonds should be returned for taxation by the treasurer of state in the county where the safe of the treasurer of the state is, and where these bonds are required to be kept, which is in Franklin county. On the other hand it is claimed that the bonds should pay taxes in Hamilton county, in which county the principal office and main place of business is located.

The court of common pleas held that the bonds were taxable in Hamilton county. We think the judgment of the court was right as to this.

We are clearly of the opinion that the bonds required by law to be deposited with the treasurer of state, do not in any sense constitute him a trustee or owner in any sense. He has no right or control over these bonds, and not a particle of interest in them either as to principal or interest except as an officer of the state and as the custodian of them. The bonds are the property of the corporation, just as much after they are deposited with the state treasurer as they were before. It is true they may be applied in the payment of the debts of the corporation at the instance of the creditors of the corporation, but this necessarily goes on the principle that the bonds belong to the corporation. The law does not contemplate, in the least, that any kind of ownership or title to these bonds should invest in the treasurer of state. He is simply an officer of the state to keep in the safe used by him as treasurer, these bonds. He cannot keep these bonds any other place. The bonds remained at all times the property of the company, and must be listed by it for taxation, under Sec. 2735 Rev. Stat., at the place where the owner resides. The owner, in this case, is the corporation, and its residence for taxation is Cincinnati, Hamilton county, Ohio. Pelton v. Transportation Co. 37 Ohio St. 450.

The fact that the corporation was ousted from its rights to do business in Ohio did not have the effect to take away its property.   The bonds and property belonging to the corporation still remained its property, and was still liable to pay taxes at the same place, as long as any property remained.

The judgment of the court of common pleas will be modified accordingly.